UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
BUILDING SERVICE 32BJ SUPPLEMENTAL
RETIREMENT AND SAVINGS PLAN

                                        Plaintiff,

Civil Action: 19-cv-2489

**~~PROPOSED~~**
**PROTECTIVE ORDER**

                                -against-

THE BURKS COMPANIES, INC.

                                        Defendant.

------------------------------------------------------------------------ x

       **WHEREAS**, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order, it is hereby

       **ORDERED** that the following restrictions and procedures shall apply to the information and documents exchanged by the parties pursuant to this Court's Order, dated August 14, 2019:

       1.     Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive non-public information. Information and documents designated by a party as confidential shall be stamped "CONFIDENTIAL."

       2.     In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or

admissible. Each party reserves the right to object to use or admissibility of the Confidential Information.

3. Notwithstanding the confidentiality provisions of this Order, the following categories of documents and information shall not be subject to disclosure pursuant to this Court's August 14, 2019 Order:

 a. Documents and information for any employees in Nevada, Georgia, Mississippi, and any other states later agreed to by the parties;

4. The parties should meet and confer if any production requires a designation of "For Attorneys' Eyes Only." Such designation shall prohibit disclosure of any so designated documents, or their contents, to any individual who is not counsel to a party in this action.

5. All other documents designated as "CONFIDENTIAL" and their contents shall not be disclosed to any person, except:

 a. The parties' counsel;

 b. Employees of the parties' counsel assigned and necessary to assist in litigation of this action;

 c. Experts retained by the parties in connection with this action for the purpose of prosecuting or defending the claims set forth in this action;

 d. The Fund's Auditing Firm, Schulteis & Panettieri, LLP,

 e. The Court, including any mediator or other person having access to any Confidential Information by virtue of his or her position with the Court.

6. Each party shall maintain a list of individuals or entities to whom any documents designated "CONFIDENTIAL" or their contents have been disclosed. Said list shall clearly identify the role or position held by any individual or entity and set forth a brief description of the purpose for disclosure. A current or last known business address for any such individual or entity

shall be included in the list. A copy of said list shall be produced to any party within ten (10) days of a written demand.

7. Prior to disclosing or displaying documents designated as "CONFIDENTIAL" or their contents to any individual or entity, counsel must provide written notice that:

   a. The documents and their contents are confidential;

   b. This Court has enjoined the use of the information or documents for any purpose other than the express purpose of conducting a payroll audit and has further enjoined disclosure of the information or documents to any other individual or entity; and

   c. Require such person to sign an agreement to be bound by this Order in the form attached hereto as **Exhibit "A."**

8. Any violation of this Order shall afford any party to petition this Court by notice of motion or order to show cause pursuant to L. Civ. R. 83.6 and Fed. R. Civ. P. 37 to adjudicate any individual or entity violating this Order for contempt proceedings. Any violation of this Order shall entitle the injured party to collect reasonable counsel fees and all costs necessitated by contempt proceedings.

9. The disclosure of a document or information without designating it as "confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Order.

10. Any Personally Identifying Information ("PII") (e.g., the first five (5) digits of social security numbers, home addresses, telephone numbers, e-mail addresses, dates of birth, financial account numbers, passwords, and any information that may be used for identity theft) shall be redacted by the party producing any documents or information. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and

defenses in the event of litigation arising out of the receiving party's failure to appropriately protect against unauthorized disclosure or dissemination of PII.

11. Pursuant to Fed. R. Evid. 502, the production of privileged or work-product related documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

12. Notwithstanding the designation of information as "CONFIDENTIAL," there is no presumption that such information shall be filed with the Court under the seal. The parties shall follow the Court's procedures with respect to filing under seal.

13. At the conclusion of the payroll audit, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after an audit report is generated) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected from disclosure.

14. Nothing herein shall preclude the parties for disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

SO ORDERED.

*[signature]*

November 15, 2019

| | |
|---|---|
| **RAAB, STRUM & GANCHROW, LLP** | **JOHNSON & FREEMAN, LLC** |
| *Attorney for Plaintiffs* | *Attorneys for Defendant* |
| 2125 Center Avenue | 6323 Roosevelt Highway |
| Suite 100 | Union City, Georgia 30291 |
| Fort Lee, New Jersey 07024 | (678) 833-0093 (office) |
| (201) 292-0150 | |
| By: | By: |
| Dated:  Fort Lee, New Jersey | Dated:  Atlanta, Georgia |

# EXHIBIT A

# **NOTICE**

I, _____, as counsel to _____ in the matter <u>Building Service 32BJ Supplemental Retirement And Savings Plan v. The Burks Companies, Inc.</u>, Docket No. 19-cv-2489 hereby provide notice to _____ that documents or information disclosed in connection with this matter have been designated as confidential. I provide further notice that the Court has enjoined use of the information or documents for any purpose other than the express purpose of conducting a payroll audit and it has further enjoined disclosure of the information or documents to any other individual or entity. I have explained to _____ that any violation of the terms of the Protective Order between the parties in this matter may subject him/her to the penalties for contempt of court.

Dated: _____

                                              _____

                                              Counsel for _____

# AGREEMENT

I, _____, have been informed by counsel that certain documents and information to be disclosed to me in connection with the matter <u>Building Service 32BJ Supplemental Retirement And Savings Plan v. The Burks Companies, Inc.</u>, Docket No. 19-cv-2489 have been designated confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

  I hereby agree that I will not disclose any information contained in such documents to any other person or entity. I further agree not to use any such information for any purpose other than this litigation. I understand that any violation of the Protective Order between the parties in this matter may subject met to the penalties for contempt of court.

Dated: _____

                _____

                Signed in the presence of:

                _____
                Attorney